CHARLES B. ARMSTRONG, as Receiver of the BUFFALO RAILWAY SUP-PLY COMPANY, Plaintiff, *v.* JAMES DANAHY, Defendant.

*Corporation — subscriptions to stock induced by fraud — not a defense to an action for its collection — pleading a negative pregnant — alteration of a subscription book.*

In an action brought by the receiver of a corporation to recover the amount of an unpaid subscription to its capital stock, the defendant offered to prove as a defense that one of the other subscribers to the stock was induced to make his subscription under an arrangement by which paid-up stock to the amount of his subscription was to be delivered to him, without his actually paying any part of the amount subscribed by him, and that the defendant was induced to make his subscription for stock in reliance upon the genuineness of such subscription, which evidence was excluded; the defendant also claimed that no call was made upon him for his subscription prior to the bringing of the action for its collection.

*Held,* that a secret agreement of a corporation with certain of its subscribers, by which they are to have some advantage not common to all the stockholders, or be released from payment for the stock, is no defense to an action brought to collect the subscription of one who was not promised the same advantages, and that an order of the court directing a receiver to collect the outstanding assets of a company justified the bringing of an action without previous demand for the payment of the subscription.

Such secret agreements are void, and the subscribers making them are liable on their subscriptions as though no special terms had been offered them.

A denial in the form of a negative pregnant is good where the plaintiff goes to trial with such a denial in the answer, without availing himself of his remedy by motion to make the answer more definite and certain.

Where it is intended to prove an alteration of a subscription book of a corporation, as a defense, in an action brought to collect a subscription to the stock of such corporation, the answer should contain an allegation with reference to such alteration, to the effect that it was fraudulently made, and that the defendant was injured thereby.

MOTION by the defendant, James Danahy, for a new trial on exceptions ordered to be heard at the General Term in the first instance, after a judgment in favor of the plaintiff, entered on the 8th day of June, 1893, on the verdict of a jury for $515, rendered by direction of the court on a trial at the Erie County Circuit.

*Henry W. Brush,* for the plaintiff.

*J. L. Quackenbush,* for the defendant.

LEWIS, J.:

This action was brought by the plaintiff, as receiver of the Buffalo Railway Supply Company, to recover of the defendant $500, his subscription to the capital stock of the company. The company was organized on the 30th day of September, 1890, as a domestic corporation under the laws of the State of New York. By an order of this court, dated the 14th day of November, 1892, the corporation was dissolved, and the plaintiff was duly appointed receiver, and by an order of the court, dated the 18th day of November, 1892, he was directed, as such receiver, to enforce the collection of all the outstanding assets of the company, and he thereupon brought this action, and alleged in his complaint that the defendant subscribed for $500 of the capital stock of the company, which he had failed to pay.

Evidence was given tending to show that the defendant subscribed for stock as alleged in the complaint, and that many others were subscribers to the stock of the company. The defendant offered to show, as a defense, that one of the other subscribers to the stock was induced to make his subscription under an arrangement that paid-up stock to the amount of his subscription should be delivered to him without his paying therefor, and that he (defendant) was induced to make his subscription for stock, relying upon the genuineness of such subscription and others. The evidence was excluded. The evidence was too indefinite to avail the defendant; if such an agreement were, in fact, made, it did not release the subscriber, or affect his liability upon his subscription.

" A secret agreement of the corporation with certain subscribers to stock, whereby they are to be released from payment, or to have some other advantage not common to all the subscribers, is no defense for a subscriber who was not promised the same advantages. All such secret agreements are void, and the subscribers receiving them are liable on their subscriptions absolutely as though no special advantages had been promised." (Cook on the Law of Stock and Stockholders, § 191, and authorities referred to in the marginal note; Thompson on Liability of Stockholders, § 124.) Defendant contends that no call was made upon him for his subscription before the action was commenced. The order of the court that the receiver should proceed to collect the outstanding

assets of the company is an answer to this contention. The defendant was called as a witness and testified that the subscription book was brought to him for his signature in the spring of 1890, and then the following questions were asked and rulings made: " Q. Was it (the subscription book) any different from what it is now when you signed it? [Objected to by plaintiff's counsel. Objection sustained and exception taken.] Q. Was this line, this interlineation ' one hundred thousand dollars which is to be increased to,' was that in there when you signed it? [Objected to by plaintiff's counsel. Objection sustained and exception taken.]"

The defendant claims that the court erred in excluding this evidence. It does not appear upon what ground it was excluded, whether because it was not admissible, as the answer failed to raise any issue, or for the reason that the alleged alteration was not material. It was alleged in the complaint that " in or about the month of October, 1890, this defendant subscribed for five shares of the capital stock of the said corporation at the par value of one hundred dollars each, and agreed to pay therefor the sum of five hundred dollars ($500) in the manner and at the time or times the same might be called for by the board of directors of said company." The defendant in his answer denied that he " in or about the month of October, 1890," etc., following on in the identical language of the allegation of the complaint.

This was the only manner in which the allegations in the complaint referred to were put in issue. The answer might be true, and every material allegation in the complaint at the same time be true. Pomeroy, speaking of such a pleading in his work on Remedies and Remedial Rights (§ 623), says: " To say the least, a denial in the form of a negative pregnant is such a glaring violation of logical and legal principles that it exhibits, on the part of the pleader, either the ignorance which does not comprehend the nature of an issue or the astute cunning which is able to conceal the want of a defense under the appearance of a direct answer. In either instance it should be condemned by the courts." There are authorities in our State sustaining this doctrine of Pomeroy. But it was held in *Wall* v. *The Buffalo Water Works Company* (18 N. Y. 119) that if the plaintiff go to trial with such an answer, without availing himself of the remedy of a motion that it be made more definite and certain,

it must be held to put the allegations of the complaint in issue. The doctrine of this case does not appear to have been overruled.

This evidence was not, therefore, properly excluded because the answer failed to make an issue. We are, however, of the opinion that the defendant's evidence and offers of evidence did not go far enough to show that the alleged alterations in the subscription were material. It appears on examination of the subscription paper printed in the record, that the words " one hundred thousand dollars which is to be increased to " were interlined. As first drawn it read: " We, the undersigned, do hereby subscribe for the number of shares of the capital stock of the Buffalo Railway Supply Company, a corporation formed under the Laws of the State of New York, and having a capital stock of two hundred thousand dollars ($200,000), divided into Two Thousand (2,000) shares at a par value of one hundred dollars," etc. By the interlineation it was made to read, " having a capital stock of one hundred thousand dollars ($100,000) which is to be increased to two hundred thousand dollars," etc. The company had not been organized at the time the defendant made his subscription.

In the articles of association when filed, the stock was fixed at $100,000, with a statement that it was to be increased to $200,000. How the capital came to be fixed at $100,000 instead of the larger sum was not made to appear upon the trial, and nothing is stated in the answer in reference thereto.

Who was responsible for the change, or whether it was made with or without the knowledge and consent of the defendant, was not made to appear. There was no allegation in the answer that the alteration was fraudulently made, or that the defendant was in any manner injured thereby.

We see no reason for setting aside the verdict. Defendant's exceptions should be overruled, and judgment directed for the plaintiff upon the verdict.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Defendant's motion for a new trial denied, with costs, and judgment ordered for the plaintiff on the verdict.