(15 App. Div. 26.)

PITTENGER v. SOUTHERN TIER MASONIC RELIEF ASS'N.

(Supreme Court, Appellate Division, Second Department. March 9, 1897.)

1. PLEADING—ANSWER—SUFFICIENCY OF DENIALS.
An answer is sufficient where it admits certain allegations of the complaint and denies others, and adds, "Defendant denies each and every allegation in said complaint contained, not hereinbefore or hereinafter admitted, denied, or controverted."

2. SAME—RECITALS INCONSISTENT WITH COMPLAINT.
An answer is sufficient where it sets forth a policy different from the one sued on, and alleges that it was obtained by false representations, though it does not specifically affirm or deny the paragraph of the complaint which alleges the making of the policy sued on, since it is equivalent to a denial that defendant made the contract relied on by plaintiff.

Appeal from special term, Kings county.

Action by Margaret Pittenger against the Southern Tier Masonic Relief Association on a policy of insurance. From an order denying a motion to make the answer more definite and certain, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Samuel I. Frankenstein, for appellant.
Charles A. Collin, for respondent.

GOODRICH, P. J. The action was brought upon a certificate or policy of insurance issued by the defendant, a copy of which is annexed to the complaint. The answer specifically admits and denies certain allegations of the complaint, and then adds: "And the defendant denies each and every allegation in said complaint contained, not hereinbefore or hereinafter admitted, denied, or controverted." There was for some years great difference of judicial opinion whether it was good practice for an answer to admit or deny all other allegations of a complaint not thereinbefore admitted or denied, but this question has been set at rest by the case of Griffin v. Railroad Co., 101 N. Y. 348, 4 N. E. 740, which holds that such a denial is sufficient; and this was the view of the effect of the

decisions of our courts taken by Judge Blatchford in his decision in Burley v. Bank, 5 Civ. Proc. R. 172. Of the second paragraph of the complaint, which contained the allegation of the making of the policy, there was not, specifically, either affirmative admission or denial. The answer set up a further defense that a policy, of which a copy was annexed, was obtained by false representations of the applicant. This copy differs in matters more or less material from the one annexed to the complaint. The question arises whether this constitutes either an admission or denial of the allegation as to the making of the policy set out in the complaint. In other words, whether the plaintiff can be compelled to resort to this part of the answer to ascertain whether or not the answer contains a denial of the making of a policy in the very language of the one annexed to the complaint. We are of opinion that the answer stands precisely as it would if the pleader, in specifically referring to and answering the second paragraph, had alleged that the defendant made another contract differing from the one set out in the complaint, the effect of which practically would be a denial that he made the contract set forth by the plaintiff. Both the contracts relate to the same subject-matter, and the plaintiff alleges that the policy which he sets out was the contract between the parties. The defendant, on the other hand, alleges that the policy which he sets out is the contract, thereby tendering a distinct issue. We are not expressing any opinion as to whether the contracts import different liability, but, if they do, the issue is whether the one or the other was the actual contract; and we do not see how the plaintiff can have any difficulty or be exposed to any danger in knowing precisely what the defendant claims.

It will be observed that the answer sets up a defense, and not a counterclaim. The allegations of a counterclaim must contain all that is essential to constitute a complete cause of action, and it is for the reason that it must be in such form that a reply can be interposed to each of the allegations of the counterclaim. This dissociates its allegations from any other defenses of the answer, but it does not follow, because a defense distinctly and separately states new facts, that in that case its allegations are to be dissociated from the other parts of the answer.

The order should be affirmed, with costs. All concur.