YONKERS GAZETTE CO. v. JONES.

(Supreme Court, Appellate Division, Second Department. May 24, 1898.)

CORPORATIONS—SUBSCRIPTION TO STOCK—SECRET AGREEMENT.

Where an agreement to form a corporation and become shareholders therein becomes binding upon the subscribers, by the subsequent organization of the corporation as proposed, and its acceptance of the agreement, the liability of a given subscriber is not affected by the fact that he received from the promoter, when he signed the agreement, a written statement purporting to relieve him from paying for the stock unless he wished to; for such a secret collateral agreement is void.

Appeal from Westchester county court.

Action by the Yonkers Gazette Company against Henry B. Jones. From a judgment in favor of plaintiff on a verdict directed by the jury, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Allen Taylor, for appellant.
John H. Ferguson, for respondent.

WILLARD BARTLETT, J.   This case is in many respects similar to that of Yonkers Gazette Co. v. Taylor (decided by this court at the present term) 51 N. Y. Supp. 969; and the points considered in the opinion of Mr. Justice Hatch in that case require no further discussion here.   There is one difference, however, in regard to which something should be said.   At the time when the defendant signed the paper upon which it is sought to charge him as a subscriber to the stock of the plaintiff, he received from a so-called promoter of the proposed corporation a paper signed by that gentleman, and certifying that "Mr. H. B. Jones has decided to take one share into the Yonkers Daily Gazette; providing the sum prescribed [subscribed], or the number of shares taken, will be left to his time, and when he feels so disposed in paying his part."   This document, says the appellant, must be read with his stock subscription, as constituting one contract; and, as it contained a provision which left him at liberty not to pay, he insists that he cannot be held upon the subscription.   The paper, however, was properly regarded by the county court as ineffectual to modify or nullify the subscription agreement.   A secret collateral contract between a corporation and a subscriber to its stock, which provides that he shall not be bound by his subscription, or which substantially varies its ostensible terms, is void, and leaves the subscription unaffected.   Railroad Co. v. Eastman, 34 N. H. 124, approved in Meyer v. Blair, 109 N. Y. 600, 17 N. E. 228; Armstrong v. Danaby, 75 Hun, 405, 27 N. Y. Supp. 60. By "secrecy in the agreement" is meant that it is kept from the knowledge of the body of subscribers; the reason of the rule which invalidates such collateral contracts being that "the action of each in his subscription may be supposed to be influenced by that of the others, and every subscription to be based on the ground that the others are what upon their face they purport to be."   Railroad Co.

v. Eastman, supra. The appellant is not helped by the fact that two officers of the corporation saw the collateral agreement, and approved of it, before it was delivered·to him by the promoter; for the agreement would have been bad even if made with the Yonkers Gazette Company itself, in its corporate capacity.

For these reasons, and those stated by Mr. Justice Hatch in the companion litigation, the judgment should be affirmed. All concur.

Judgment and order affirmed, with costs.