THE YONKERS GAZETTE COMPANY, Respondent, v. HENRY B. JONES, Appellant.

*Subscription for corporate stock — not affected by a secret agreement modifying it.*

Where a subscriber to the stock of a corporation, at the time of signing the subscription paper, receives from the promoter of the proposed corporation a paper certifying that the subscriber has decided to take one share in the Yonkers *Daily Gazette* (the proposed corporation), "providing the sum prescribed [subscribed] or the number of shares taken will be left to his time and when he feels so disposed in paying his part," the latter paper, being a secret collateral contract, which substantially varies the ostensible terms of the subscription to the stock, is void and the subscription is not affected thereby.

APPEAL by the defendant, Henry B. Jones, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 8th day of January, 1898, upon the verdict of a jury rendered by direction of the court, and also from an order, entered in said

clerk's office on the 6th day of January, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Allen Taylor*, for the appellant.

*John H. Ferguson*, for the respondent.

WILLARD BARTLETT, J. :

This case is in many respects similar to that of *The Yonkers Gazette Co.* v. *Taylor*, decided by this court at the present term (*post*, p. 334), and the points considered in the opinion of Mr. Justice HATCH in that case require no further discussion here. There is one difference, however, in regard to which something should be said.

At the time when the defendant signed the paper upon which it is sought to charge him as a subscriber to the stock of the plaintiff he received from a so-called promoter of the proposed corporation a paper signed by that gentleman and certifying that "Mr. H. B. Jones has decided to take one share into the Yonkers *Daily Gazette ;* providing the sum prescribed [subscribed] or the number of shares taken will be left to his time and when he feels so disposed in paying his part." This document, says the appellant, must be read with his stock subscription as constituting one contract, and as it contained a provision which left him at liberty not to pay, he insists that he cannot be held upon the subscription.

The paper, however, was properly regarded by the County Court as ineffectual to modify or nullify the subscription agreement. A secret collateral contract between a corporation and a subscriber to its stock, which provides that he shall not be bound by his subscription, or which substantially varies its ostensible terms, is void and leaves the subscription unaffected. (*White Mts. R. R. Co.* v. *Eastman*, 34 N. H. 124; approved in *Meyer* v. *Blair*, 109 N. Y. 600 ; *Armstrong* v. *Danahy*, 75 Hun, 405.) By secrecy in the agreement is meant that it is kept from the knowledge of the body of subscribers, the reason of the rule which invalidates such collateral contracts being that "the action of each in his subscription may be supposed to be influenced by that of the others, and every subscription to be based upon the ground that the others are what upon their face they purport to be." (*White Mts. R. R. Co.* v. *Eastman, supra*.) The appellant is not helped by the fact that two officers of the corporation saw the collateral agreement and approved of it before it was.

delivered to him by the promoter; for the agreement would have been bad even if made with the Yonkers Gazette Company itself in its corporate capacity.

For these reasons, and those stated by Mr. Justice HATCH in the companion litigation, the judgment should be affirmed.

All concurred, except HATCH, J., absent.

Judgment and order affirmed, with costs.