## REGENER v. HUBBARD.

(Supreme Court, Trial Term, New York County. November, 1898.)

1. INSURANCE—SUBSCRIPTION TO STOCK—FRAUD OF PROMOTER—DEFENSES.
     The fraud of a promoter of an insurance corporation in inducing a subscription to its stock furnishes no defense to an action by its receiver in behalf of creditors to recover an assessment against such subscriber.

2. SAME—ESTOPPEL TO DENY ORGANIZATION.
     The subscriber cannot question the validity of the incorporation, where it has been approved by the insurance department, and commenced business and incurred liabilities in its corporate name.

Action by Louis C. Regener, as receiver of the Equitable Mutual Fire Insurance Corporation of New York, against one Hubbard, on a capital stock note executed by him. Judgment for plaintiff.

Wallach & Cook, for plaintiff.
Kenneson, Crain & Alling, for defendant.

McADAM, J. The action is by the receiver of the Equitable Mutual Fire Insurance Corporation of New York on a capital stock note given

by the defendant to assist in effecting the organization of the corporation under the insurance laws of the state. The capital stock of such a corporation is a trust fund for the payment of its creditors, and where, as in this instance, the rights of innocent third persons attach, a fraud or breach of contract committed by a promoter to induce the subscription furnishes an original subscriber no defense to an action by a receiver of the corporation, representing its creditors, to recover an assessment upon the member's note. Gazette Co. v. Jones, 30 App. Div. 316, 51 N. Y. Supp. 973; Mor. Priv. Corp. (2d Ed.) § 842. This upon the elementary ground that, where one of two innocent persons must suffer by the fraud of a third person, the loss falls upon him who first gave the credit. Nor can a member question the validity of the incorporation after all the documents necessary to complete it have been filed with the superintendent of insurance, and the corporation, with the approval of the insurance department, has commenced business and incurred obligations in its corporate name. It became at least a de facto corporation, and this is as effective for present purposes as if it had become a corporation de jure. Aspinwall v. Sacchi, 57 N. Y., at page 338; Field, Corp. § 92; Cook, Stock & S. § 184. These conclusions, founded on well-settled principles, are in accord with the decision of the appellate division in Raegener v. McDougall, 53 N. Y. Supp. 484, which controls the disposition of this case. True, the defendant there was a director who had recognized the corporate existence, but that only furnished an additional reason why he should be held. The principles decided in that case apply as well to an original subscriber who did not become a director as to one who did.

The plaintiff is entitled to judgment for $439.80. Sixty days' stay of execution, and 60 days to make a case after service of notice of entry of judgment.