## REGENER v. WARNER.

(Supreme Court, Trial Term, New York County. February 27, 1899.)

CAPITAL STOCK NOTE—CORPORATIONS—INDORSEMENT—INSURANCE.

    A capital stock note, made subject to the insurance laws and to the by-laws of an insurance company, and to secure creditors of the corporation by permitting assessments against the maker, is not controlled, as against the creditors, by an indorsement that, unless the maker's property was kept insured for five years, the note should be void.

Action by Louis C. Regener, receiver, etc., against Charles M. Warner. Judgment for plaintiff.

Wallach & Cook, for plaintiff.

Kenneson, Crain & Alling, for defendant.

McADAM, J. The legal proposition that "any memorandum or agreement of the parties, written upon the face, margin, or back of a bill or note contemporaneously with its execution, and intended by the parties to constitute a part of the contract, is a substantive part of the bill or note, and limits or qualifies it in the same manner as if inserted in the body of the instrument" (4 Am. & Eng. Enc. Law [2d Ed.] 140; Edw. Prom. Notes, 145; 1 Daniel, Neg. Inst. § 151; Benedict v. Cowden, 49 N. Y. 396; Dinsmore v. Duncan, 57 N. Y. 573, 579; Parsons v. Jackson, 99 U. S. 434; Barnard v. Cushing, 4 Metc. [Mass.] 232), is good in its place, but does not apply to the memorandum hereinafter referred to, written on the back of the obligation sued upon. This is so, because the obligation is not the ordinary business note regulated by the law merchant, but one of an exceptional character, given by the defendant, on the organization of the Equitable Life Insurance Corporation of New York, to assist in such organization, and to secure membership therein, according to the requirements of the insurance law. The instrument on its face declares that it is "a capital stock note," and provides that "payment thereof is subject to the conditions and obligations of the insurance law of the state of New York (chapter 690, Laws 1892), and the by-law of the said corporation printed on the back of the note." It was given as and in compliance with the statute therein specifically referred to, the purpose of which was to secure the creditors of the corporation the payment of their just demands, by permitting assessments to be made against members giving such notes. Such assessments were not to exceed the amount of the notes, but sufficient to create a fund necessary to meet all obligations of the corporation. The company failed, and the plaintiff was, in sequestration proceedings, appointed its receiver, and in that capacity represents, not only the corporation, but all of its creditors. Representing these rights, his equities are superior to those of the corporation. There is no privity of contract between the plaintiff, as receiver, and the defendant. The basis of liability is the statute, which is controlling in determining the rights and obligations of the parties. The defendant indorsed upon the back of the note a writing in the form of a condition,—that, unless his property was kept insured for five years, the note should become null and void. Eleven policies were issued to the defendant,—four for a period of five years, and seven for a period of one year; and because the corporation, in consequence of its failure, could not keep all the policies alive for five years, the defendant insists that his capital stock note, by force of the indorsement thereon, became void and unenforceable. To sustain such a contention would be to sanction a fraud upon the insurance law of the state, as well as the creditors whom such notes were intended to secure. The representatives of the corporation, as special agents thereof, could not by any act of theirs assent that any condition be attached to the capital stock notes which would contravene the operation of the laws of the state, and the defendant must have known this as well as the officers of the company. Capital stock notes given under the insurance laws cannot have strings to pull them back from creditors when seeking their lawful remedy upon them, and the legerdemain conditions indorsed upon the back

of the note herein must be regarded as ineffectual against creditors and the receiver who represents them, because contrary to the policy and spirit of the legislative enactment, whose benefits the defendant invoked when he made the obligation. There is no merit in the de-fense, and nothing to commend it to judicial favor.

As all the other questions raised by the answer have been adjudi-cated against the defendant's contention (Raegener v. McDougall, 33 App. Div. 231, 53 N. Y. Supp. 484; Same v. Hubbard [Sup.] 56 N. Y. Supp. 173; Same v. Phillips, Id. 174), it follows that there must be judgment for the plaintiff.