(27 Misc. Rep: 637.)

RAILWAY ADVERTISING CO. v. SIRE.

(City Court of New York, General Term.    May 22, 1899.)

CONTRACTS—PLEADING.

> An answer admitting the execution of a contract at the same time as the one sued on, but denying that the terms were identical with the one sued on, and alleging that the two were supposed to be duplicates, but differed in material particulars, sufficiently states an issue to entitle defendant to show what was the real contract made.

Appeal from trial term.

Action by the Railway Advertising Company against Henry B. Sire on contract.    From an instruction directing verdict for plaintiff, defendant appeals.    Reversed.

Argued before McCARTHY and SCHUCHMAN, JJ.

A. I. Sire, for appellant.

Greene & Johnson, for respondent.

McCARTHY, J.    The first point to consider in this case is whether the allegation in the answer is a sufficient denial of the contract alleged by the plaintiff, or not.    If it is, then there is sufficient reason why, among others, it should be reversed.

The plaintiff alleges:    That on or about September 1, 1897, among other things, a contract in writing was entered into between the plaintiff and defendant.    The defendant requested the plaintiff to insert his advertising cards in one-third of the cars on certain street railways in the city of New York, mentioned in said contract, for the term of three months, commencing September 6, 1897.    That, by reason of said written contract and request, plaintiff did insert the advertising cards of the defendant in said cars for the said term, and performed every act and thing on its part to be done and performed pursuant thereto.    And plaintiff then goes on and alleges that, "by reason of the terms of the contract, there became due and owing * * * *."

The defendant, after denying knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 thereof, says:

"Second. Admits the making of a certain contract in writing with plaintiff with respect to advertising on or about the 1st day of September, 1897, but denies that the terms of said contract were identical with those set out in the complaint, and also alleges that the plaintiff, at the time the contract was executed, guarantied that advertising would be done continuously in no less than 500 cars."

It is admitted that, at the time of executing the contract in this cause, there was at the same time a supposed duplicate signed, but it differed in a material part from the one used by the plaintiff.

We think that, under the decision of Pittenger v. Association, 15 App. Div. 26, 44 N. Y. Supp. 124, it was sufficiently pleaded that the appellant should have been permitted to show by oral evidence what was the real contract made herein.

The question arises first whether this answer, in the particular spoken of, constitutes either an admission or denial of the allegation

as to the making of the contract set out in the complaint. In other words, whether the plaintiff can be compelled to resort to this part of the answer to ascertain whether or not the answer contains a denial of the making of the instrument in the very language of the one annexed to the complaint. In the above case cited they say:

"We are of the opinion that the answer stands precisely as it would if the pleader, in specifically referring to and answering the second paragraph, had alleged that the defendant made another contract, differing from the one set out in the complaint, the effect of which, practically, would be a denial that he made the contract set forth by the plaintiff. Both contracts relate to the same subject-matter, and the plaintiff alleges that the policy which she sets out was the contract between the parties."

The defendant, on the other hand, alleges that the supposed duplicate, which does not contain some material matters, and which was made and signed at the same time, is the contract, thereby making a distinct issue. The distinct issue is whether the one or the other was the actual contract made between the parties (Pittenger v. Association, 15 App. Div. 28, 44 N. Y. Supp. 124), and where a literal performance is impracticable, or where the language is ambiguous or susceptible of more than one construction, or is vague, or general, or inappropriate to express the true intent, extraneous evidence is admissible to explain, and an antecedent parol agreement may be received to point to, the intent of the parties (Blossom v. Griffin, 13 N. Y. 573; Springsteen v. Samson, 32 N. Y. 706).

We think, inasmuch as the two instruments were signed at the same time, and were supposed to be duplicates, it should have been clearly allowed, and the defendant should have been given the right to show at the time of contract what was said and meant by them as to displaying the advertisement in 500 cars. The plaintiff was permitted to answer this question at folio 40; but the question, when asked the defendant on direct examination, was excluded. The defendant was as much entitled to show the number of cars Aronson understood Wineburgh to promise as Wineburgh was to show what number he understood the one-third to represent; for Wineburgh was testifying to something not in the contract, as to number of cars, for it merely said one-third of cars. He said it meant 140 cars.

The court erred in directing a verdict. There was a direct issue raised in the answer for the determination of the jury, and it should have been left to them. The important question, as raised by defendant's answer, was that the contract set forth in complaint was not the contract made and signed by defendant, because the terms of the actual contract were not identical with those of the one set out in the complaint.

We think, under all the circumstances, there was error committed, and that this judgment should be, and is hereby, reversed, and a new trial granted, with costs to appellant to abide the event.

SCHUCHMAN, J., concurs.