(54 App. Div. 190.)

ROBERTSON v. ROCKLAND CEMETERY IMP. CO. et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. PLEADING—SHAM—GENERAL ISSUE.

Where an answer denied positively some of the allegations of the complaint, and denied the others on information and belief, and also set up an affirmative defense, it was improperly stricken out as a sham, since it raised the general issue.

2. SAME—AMENDMENT.

Where defendants' amended answer was returned by plaintiff as not complying with the order granting leave to amend, it was error to refuse defendants' motion to compel an acceptance, as plaintiff had no right to return the answer, his remedy being by motion to strike.

Appeal from special term, New York county.

Action by Thomas F. Robertson against the Rockland Cemetery Improvement Company and others. From an order denying a motion

to compel plaintiff's attorneys to accept an amended answer, defendants appeal.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. E. Cooley, for appellants.

G. P. Breckenridge, for respondent.

VAN BRUNT, P. J.   The complaint alleged two causes of action. The answer positively denied some of the allegations in the complaint, and denied others upon information and belief, and also set up an affirmative defense.   This answer was, upon a motion being made, stricken out by the court as sham, by what authority we are unable to discover, as it is a well-settled rule that an answer raising the general issue cannot be stricken out as sham.   Leave to amend, however, having been given, the defendants did not appeal, but served an amended answer, also raising the general issue and setting up some new matter.   This answer was returned by the plaintiff's attorney as not complying with the order allowing the amendment; whereupon this motion was made to compel the acceptance of the answer.   We think the motion should have been granted.   The defendants had availed themselves of no more than their right to answer in the form prescribed by the Code, and it was not for the plaintiff's attorney to determine as to whether the answer should be received or not.   If it was not in accordance with the leave given, his remedy was to move to strike it out as not complying with the order.   We think, however, upon the facts of the case, that, in any event, the defendants should be allowed to serve the answer, and to present the issues raised, which they were improperly prevented from presenting by the order which had been made striking out the answer as sham.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.   All concur.