BLUM et al. v. BRUGGEMANN et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

MORTGAGES—FORECLOSURE—PLEADING—SHAM ANSWER.

　　Where the complaint in a suit to foreclose a mortgage against the vendee of a mortgagor alleged that such vendee "covenanted in his deed to, and thereby did, assume the payment of the mortgage," and the answer thereto denied that the vendee "covenanted to assume and did assume the payment" of such mortgage, and further alleged that such vendee did not in and by said deed assume the payment of such mortgage, and that he was not liable for the payment of it, such answer amounted to the general denial, and could not have misled the plaintiff, and should not have been stricken out as frivolous.

Appeal from special term, New York county.

Action by Henry Blum and others against August M. Bruggemann, impleaded with Samuel Shapiro and others. From an order striking out answer of defendant August M. Bruggemann, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. J. Skinner, for appellant.
Samuel Levy, for respondents.

McLAUGHLIN, J. Action to foreclose a mortgage upon real estate. The complaint alleged, among other things, that the defendant Shapiro, to secure the payment at a time therein specified of a certain sum, with interest, executed and delivered to the plaintiff a bond secured by a mortgage upon the real estate described in the complaint; that, after the execution of the bond and mortgage, Shapiro and wife conveyed the real estate to the defendant Bruggemann, who "covenanted in his deed to, and thereby did, assume the payment of the mortgage"; that the bond had not been paid; and that, according to the terms of it, there was due the amount specified. And judgment of foreclosure and sale was demanded, and also that Bruggemann be adjudged to pay any deficiency which might remain after applying the proceeds of sale upon the plaintiff's claim.

The principal allegation of the complaint by which Bruggemann was sought to be held liable for the deficiency was as follows:

"Third. That the defendants Samuel Shapiro, together with Celia, his wife, by deed of conveyance　*　*　*　conveyed the above-described premises, with other property, to the defendant August M. Bruggemann, and the said defendant August M. Bruggemann covenanted therein and thereby to assume, and did assume, the payment of the mortgage aforesaid."

Upon this allegation Bruggemann joined issue, and in his answer he—

"Denies the allegation contained in the third paragraph or subdivision of the complaint,—that this defendant, in the deed therein mentioned, made by the defendants Samuel Shapiro and wife to this defendant, covenanted therein and thereby to assume, and did assume, the payment of the mortgage in said paragraph of the complaint referred to; and this defendant alleges that, on the contrary, it was expressly understood and agreed between this defendant and said Samuel Shapiro at the time said deed was executed and delivered that said deed was delivered upon the express understanding and agreement that this defendant did not, in and by said deed, assume the payment of said mortgage, and that this defendant was not to be liable for the payment thereof."

The plaintiff, after the service of Bruggemann's answer, moved to strike out the same as sham and frivolous. The motion was granted, and Bruggemann has appealed. The answer, it will be observed, denies, substantially in hæc verba, the allegations of the complaint, and how one could be misled by it, or suppose that it was not the intention of the pleader to deny the plaintiff's right to recover upon such allegations, we are unable to understand; and we are also unable to understand how it could be supposed, upon the face of this allegation, that it is false. But it is urged that this denial is "a negative pregnant," and "therefore an admission" of the allegations of the complaint. If it be "a negative pregnant," we do not think that the plaintiff was misled by it, or that he for one moment supposed that the defendant intended to admit that he had assumed and agreed to pay the mortgage. No one reading this allegation could fairly and honestly reach that conclusion; and, if there were the slightest doubt about it, it is removed when the defendant alleges, as he does, that he did not agree to, and did not, assume the payment of the mortgage. Pittenger v. Association, 15 App. Div. 26, 44 N. Y. Supp. 124. The purpose of a pleading is to inform the opposite party, in advance of the trial, upon what the party interposing it relies, either to establish the cause of action alleged, or to defeat the cause of action asserted by the opposite party. It is well settled that a general denial or an answer raising the general issue cannot be stricken out as sham (Robertson v. Improvement Co., 54 App. Div. 191, 66 N. Y. Supp. 632), and it is not frivolous merely because it denies the allegations of the complaint conjunctively instead of disjunctively (Armstrong v. Danahy, 75 Hun, 405, 27 N. Y. Supp. 60), or, unless, upon a bare inspection of it, it appears to have been interposed in bad faith (Bedlow v. Stillwell, 45 App. Div. 557, 61 N. Y. Supp. 371). The answer here interposed is substantially a general denial to the right of the plaintiff to hold Bruggemann liable for the deficiency resulting upon a sale of the premises, and as such the court had no power to strike it out as sham or frivolous. Wayland v. Tysen, 45 N. Y. 281.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.