BURLINGHAM et al. v. GARGAN.

(Supreme Court, Appellate Term.   October 20, 1910.)

PLEADING (§ 356*)—MOTION STRIKING OUT PLEADING—GROUNDS.

In an action by trustees in bankruptcy of a firm of brokers, where the defendant pleaded as a separate defense a breach of promise by the firm at the initiation of the transaction to protect him from loss, an alleged improper and wrongful sale of the stock purchased, resulting in a loss, and a breach of a promise after the sale to make good the loss complained of, and on motion he was ordered to state separately the counterclaims, and his amended answer stated as a second separate defense the promise to make good the loss after it occurred, but included in the first separate defense both the allegation of the original promise to protect against loss and the allegation of the unwarranted sale of securities, the answer should be stricken out on motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1111, 1113, 1114; Dec. Dig. § 356.*]

Appeal from City Court of New York; Special Term.

Action by Charles C. Burlingham and others, as trustees in bankruptcy of Thomas A. McIntyre and others, against Patrick F. Gargan. From an order of the City Court of the City of New York, refusing to strike out the amended answer, plaintiff appeals. Reversed, with leave to file amended answer.

See, also, 121 N. Y. Supp. 926.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Irving L. Ernst and D. R. Cobb (Monroe M. Schwarzschild, of counsel), for appellants.

Ellison, MacIntyre & Davis (Arnold L. Davis and Frank J. Ryan, of counsel), for respondent.

BIJUR, J.   Plaintiffs, as trustees in bankruptcy of a firm of brokers, brought this action covering certain stock transactions.  The defendant, in his amended answer, pleaded as a first separate defense, first, a breach of promise, made by the firm, at the time of the initiation of the transactions, to protect him against loss, then an alleged improper and wrongful sale of the stocks purchased, resulting in a loss; and, finally, a breach of a promise after the sale to make good this very loss.  A motion requiring defendant to state separately these evidently severable counterclaims, and to make the answer more definite and certain, was denied, but was, on appeal to this court, modified to require the counterclaims to be separately stated.  121 N. Y. Supp. 926.

In pretended compliance with the order of this court, an answer has been served, in which the counterclaim for breach of promise to make good the loss after it occurred has indeed been separately stated as a second separate defense; but the first separate defense still contains both the allegation of the original promise to protect the defendant against loss and the allegation of the unwarranted sale of the securities which caused the loss.  Appellants adopted the proper course in moving to strike out this answer, as not complying with the order of

this court. Robertson v. Rockland Cemetery Co., 54 App. Div. 191, 66 N. Y. Supp. 632.

The order appealed from should therefore be reversed, with leave, however, to defendant to serve an answer in accordance with the previous order of this court within six days, upon payment of $10 costs and disbursements of this appeal and of all taxable costs in the action to date. All concur.