BERNARD D. BERKOWITZ et al., Individually and as Stockholders of Linden Towers Cooperative No. 5, Inc., Suing on Behalf of Themselves and All Other Stockholders of Said Corporation, Similarly Situated and for Said Corporation, Plaintiffs, *v.* LINDEN TOWERS COOPERATIVE No. 5, INC., et al., Defendants.

Supreme Court, Special Term, Queens County, June 18, 1962.

*Gallet, Hecht & Fingerit* for plaintiffs. *Schiff & Friedman* for defendants.

GEORGE P. STIER, J. In an action to enjoin a co-operative corporation, its board of directors and certain officers from con-

summating a mortgage or disbursing any funds pursuant to a certain mortgage commitment or purchasing a certain leasehold estate or paying for the construction of certain buildings until an annual meeting of the stockholders is held and a new board of directors is elected, the plaintiffs move for a temporary injunction for essentially the same relief.

The individual plaintiffs, in support of this motion, contend that they are stockholders in Linden Towers Cooperative No. 5, Inc. (hereinafter called the "corporation"), a corporation created to provide housing for rent on a co-operative basis; that the by-laws of said corporation provide that the first annual stockholders' meeting was to be held on June 12, 1961; that no such meeting was ever held and the stockholders were not afforded an opportunity to elect their own board of directors; that the corporation is presently being run by a "dummy" board of directors who have a community of interests with the present owner of the buildings which the corporation seeks to acquire for corporate purposes and the firm which constructed said buildings; that the said "dummy" board of directors is about to consummate a mortgage and purchase the afore-mentioned buildings; that there are many construction defects in the buildings in question; that if the mortgage is consummated and the purchase completed without the defects being corrected, the corporation will be without remedy.

The defendants, in opposition, contend that since section 3 of article III, of the corporation's by-laws provides:

"All subscription funds received from applicants prior to the endorsement of the mortgage note by the Federal Housing Administration shall be deposited promptly without deduction in trust in a special account to be designated ' Escrow Account of Subscribers to Membership in LINDEN TOWERS COOPERATIVE No. 5, INC.', with the Franklin National Bank of Long Island located in Franklin Square, N. Y. Such funds shall be subject to withdrawal or transfer to the account of the corporation only upon certification by the President and Secretary of the corporation to the above-named bank that:

" (a) The Subscription Agreement of a named applicant has been terminated pursuant to its terms and such withdrawal is required to repay the amount paid by him under such agreement.

" (b) Applicants for at least 90 percent of the dwelling units in the project have not been procured within the effective period of the FHA Commitment, or any extension thereof, and such withdrawal is required to repay to the applicants the amounts paid by them.

" (c) Applicants for at least 90 percent of the dwelling units in the project have signed Subscription Agreements, have been approved as to their credit by the Federal Housing Administration, and have paid the subscription price in full. If these requirements have been met, the entire amount of the funds in the subscription escrow account may be transferred to the corporation, at which time the corporation shall issue and deliver stock certificates to the members."

(the substance of which is embodied in the Subscription Agreement in paragraph 2, entitled " Subscription Funds " and paragraph 5, entitled " Cancellation Rights of Corporation and Subscriber "), and since there are presently applicants for less than 90% of the dwelling units in the project, the individual plaintiffs are not stockholders and, therefore, not entitled to the relief sought herein.

Ordinarily a subscriber to a corporation's stock would be deemed a stockholder. (See *Stull* v. *Terry & Tench,* 81 N. Y. S. 2d 43.) However, a conditional subscription does not make a subscriber a stockholder until the condition is performed. (4 Fletcher, Cyclopedia of Corporations, § 1512, p. 173.) A requirement that a percentage of stock must be subscribed to prior to any subscription agreement being binding is a conditional subscription. (4 Fletcher, Cyclopedia of Corporations, § 1514, p. 180.) In this jurisdiction a conditional subscription, grounded on a condition which is made known to the body of subscribers, e.g., the condition is written into each and every subscription agreement, is valid (*Union Hotel Co.* v. *Hersee,* 79 N. Y. 454), while a conditional subscription, which is based on a condition that is kept secret from the body of subscribers, is invalid. (*Yonkers Gazette Co.* v. *Jones,* 30 App. Div. 316.)

In the case at bar, the individual plaintiffs are merely parties to a valid conditional subscription agreement, and since the condition has not been performed, to wit, subscriptions for more than 90% of the dwelling units in the project, the individual plaintiffs are not stockholders and, therefore, not entitled to the relief they seek. Accordingly, the motion is in all respects denied.