# Cases

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### November, 1900.

---

THOMAS F. ROBERTSON, Respondent, *v.* THE ROCKLAND CEMETERY
IMPROVEMENT COMPANY and MARY A. STONE, Defendants,
Impleaded with SARAH P. L. WHITON, Appellant.

*Answer raising the general issue — it is not sham — a refusal to accept an amended
pleading, when improper.*

An answer raising the general issue cannot be stricken out as sham.
If an amended pleading, served by permission of the court, is not in accordance
with the permission granted, the remedy of the adverse party is by a motion
to strike it out and not by refusing to accept it.

APPEAL by the defendant, Sarah P. L. Whiton, from an order of
the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on
the 25th day of April, 1900, denying her motion to compel the
plaintiff's attorney to accept her amended answer.

*Elmer E. Cooley*, for the appellant.

*George P. Breckenridge*, for the respondent.

VAN BRUNT, P. J.:

The complaint alleged two causes of action. The answer posi-
tively denied some of the allegations in the complaint and denied
others upon information and belief, and also set up an affirmative
defense. This answer was, upon a motion being made, stricken out
by the court as sham, by what authority we are unable to discover,
as it is a well-settled rule that an answer raising the general issue

cannot be stricken out as sham. Leave to amend, however, having been given, the defendants did not appeal, but served an amended answer, also raising the general issue and setting up some new matter. This answer was returned by the plaintiff's attorney as not complying with the order allowing the amendment. Whereupon this motion was made to compel the acceptance of the answer. We think the motion should have been granted. The defendants had availed themselves of no more than their right to answer in the form prescribed by the Code and it was not for the plaintiff's attorney to determine as to whether the answer should be received or not. If it was not in accordance with the leave given, his remedy was to move to strike it out as not complying with the order. We think, however, upon the facts of the case that in any event the defendants should be allowed to serve the answer and to present the issues raised, which they were improperly prevented from presenting by the order which had been made striking out the answer as sham.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

PATTERSON, O'BRIEN, INGRAHAM and HATCH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.