VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

HENRY BLUM and ISAAC BLUM, Respondents, *v.* AUGUST M. BRUGGE-MANN, Appellant, Impleaded with Others.

*Sham or frivolous answer — what is not.*

The court has no power to strike out as sham or frivolous an answer interposed, in an action brought to foreclose a mortgage upon real estate, by a defendant who is sought to be held liable for a deficiency, in which he "denies the allegation contained in the third paragraph or subdivision of the complaint that this defendant in the deed therein mentioned, made by the defendant Samuel Shapiro and wife (the mortgagors) to this defendant, covenanted therein and thereby to assume and did assume the payment of the mortgage in said paragraph of the complaint referred to, and this defendant alleges that on the contrary it was expressly understood and agreed between this defendant and said Samuel Shapiro, at the time said deed was executed and delivered, and said

deed was delivered upon the express understanding and agreement, that this defendant did not, in and by said deed, assume the payment of said mortgage, and that this defendant was not to be liable for the payment thereof."

APPEAL by the defendant, August M. Bruggemann, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of September, 1900, striking out his answer as sham and frivolous.

*A. J. Skinner,* for the appellant.

*Samuel Levy,* for the respondents.

McLAUGHLIN, J.:

Action to foreclose a mortgage upon real estate. The complaint alleged, among other things, that the defendant Shapiro, to secure the payment at a time therein specified, of a certain sum with interest, executed and delivered to the plaintiff a bond secured by a mortgage upon the real estate described in the complaint; that after the execution of the bond and mortgage, Shapiro and wife conveyed the real estate to the defendant Bruggemann, who covenanted in his deed to, and thereby did, assume the payment of the mortgage; that the bond had not been paid, and that according to the terms of it there was due the amount specified, and judgment of foreclosure and sale was demanded, and also that Bruggemann be adjudged to pay any deficiency which might remain after applying the proceeds of sale upon the plaintiff's claim.

The principal allegation of the complaint by which Bruggemann was sought to be held liable for the deficiency was as follows: " *Third.* That the defendant Samuel Shapiro, together with Celia, his wife, by deed of conveyance, * * * conveyed the above described premises, with other property, to the defendant, August M. Bruggemann, and the said defendant, August M. Bruggemann, covenanted therein and thereby to assume, and did assume, the payment of the aforesaid mortgage."

Upon this allegation Bruggemann joined issue, and in his answer he " denies the allegation contained in the third paragraph or subdivision of the complaint that this defendant in the deed therein mentioned, made by the defendant Samuel Shapiro and wife, to

this defendant, covenanted therein and thereby to assume and did assume the payment of the mortgage in said paragraph of the complaint referred to, and this defendant alleges that on the contrary it was expressly understood and agreed between this defendant and said Samuel Shapiro, at the time said deed was executed and delivered, and said deed was delivered upon the express understanding and agreement that this defendant did not, in and by said deed, assume the payment of said mortgage, and that this defendant was not to be liable for the payment thereof."

The plaintiff, after the service of Bruggemann's answer, moved to strike out the same as sham and frivolous. The motion was granted and Bruggemann has appealed. The answer, it will be observed, denies substantially *in hœc verba* the allegations of the complaint, and how one could be misled by it, or suppose that it was not the intention of the pleader to deny the plaintiff's right to recover upon such allegations, we are unable to understand, and we are also unable to understand how it could be supposed, upon the face of this allegation, that it is false. But it is urged that this denial is " a negative pregnant" and "therefore an admission " of the allegations of the complaint. If it be " a negative pregnant," we do not think that the plaintiff was misled by it, or that he for one moment supposed that the defendant intended to admit that he had assumed and agreed to pay the mortgage. No one reading this allegation could fairly and honestly reach that conclusion, and if there were the slightest doubt about it, it is removed when the defendant alleges, as he does, that he did not agree to and did not assume the payment of the mortgage. (*Pittenger* v. *S. T. Masonic Relief Assn.*, 15 App. Div. 26.) The purpose of a pleading is to inform the opposite party, in advance of the trial, upon what the party interposing it relies, either to establish the cause of action alleged or to defeat the cause of action asserted by the opposite party.

It is well settled that a general denial or an answer raising the general issue cannot be stricken out as sham (*Robertson* v. *Rockland Cemetery Improvement Co.*, 54 App. Div. 191), and it is not frivolous merely because it denies the allegations of the complaint conjunctively instead of disjunctively (*Armstrong* v. *Danahy*, 75 Hun, 405), or unless upon a bare inspection of it, it appears to have

been interposed in bad faith. (*Bedlow* v. *Stillwell*, 45 App. Div. 557.) The answer here interposed is substantially a general denial to the right of the plaintiff to hold Bruggemann liable for the deficiency resulting upon a sale of the premises, and as such the court had no power to strike it out as sham or frivolous. (*Wayland* v. *Tysen*, 45 N. Y. 281.)

The order appealed from must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.