PUTNAM LUMBER CO., A CORPORATION UNDER THE LAWS OF THE STATE OF WISCONSIN, PLAINTIFF IN ERROR, v. THE ELLIS-YOUNG COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF GEORGIA, DEFENDANT IN ERROR.

THE ELLIS-YOUNG COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF GEORGIA, PLAINTIFF IN ERROR, v. PUTNAM LUMBER CO., A CORPORATION UNDER THE LAWS OF THE STATE OF WISCONSIN, DEFENDANT IN ERROR.

1.   A failure to state in the sheriff's return as to the service of a writ, that the defendant foreign corporation was doing business in this State, or that its president on whom the service was attempted to be made resided in the State or

that he was then in the State on the business of the corporation, is not ground for quashing the return.

2. A sheriff's return on a writ directed to the E.-Y. Company, a corporation, that service was made on the president of "the within named defendant corporation, to-wit: the E. and Y. Company," is sufficient as to the name of the corporation.

3. When the sheriffs' return is sufficient on its face and its truthfulness is admitted, matters dehors the return must be raised by plea.

4. The rulings of the Circuit Court on motions to strike pleas on fundamental grounds are reviewable.

5. Under a practice permitting the defendant to plead as many matters of law or fact as he may deem necessary to his defense and allowing contradictory pleas, it is not permitted to plead to the jurisdiction of the courts of this State over the person of the defendant and at the same time to plead to the merits.

6. A plea to the merits filed by the defendant simultaneously with a plea as to jurisdiction over the person waives the latter plea, irrespective of the order in which they are numbered.

This case was decided by Division A.

Writ of Error to the Circuit Court for Duval County.

STATEMENT.

On the 19th day of January, 1904, summons ad respondendum issued in behalf of the "Putnam Lumber Co., a corporation organized and existing under the laws of the State of Wisconsin," against "The Ellis-Young Company, a corporation organized and existing under the laws of the State of Georgia," commanding it to appear in due course to answer "in an action for trespass to real estate,

and conversion of personal property, the damages being laid at $25,000. The sheriff's return on this summons is as follows: "Received this summons on the 19th day of January, A. D. 1904, and executed the same on the 19th day of January, A. D. 1904, in the county of Duval, Florida, by delivering a true copy thereof to John R. Young, President of the within named defendant corporation, to-wit: The Ellis and Young Company, a corporation under the laws of the State of Georgia, and at the time of service, showing this original."

On the Return day, The Ellis-Young Company appeared specially by its attorneys and moved "to quash the return of the service of the writ of summons in this cause, upon the following grounds:

1. Because the return of service shows that the defendant is a corporation under the laws of the State of Georgia, but does not show that said corporation at the time of the service of said writ was doing or transacting any business in the State of Florida.

2. That said return of service does not show that the president of the defendant upon whom said service was attempted to be made was at the time of such service, residing in the State of Florida.

3. That said return of service does not show that the president of the defendant, upon whom such service was attempted to be made, was in the State of Florida at the time of such service for or upon business or matters connected with the defendant in such wise as to render defendant amenable to the jurisdiction of this court.

4. That said defendant, being a corporation organized under the laws of the State of Georgia, where it solely carries on its business and transacting no business in the State of Florida, nor having any agent clothed with au-

thority to represent it in the State of Florida, cannot legally be service upon one of its officers while temporarily in this State.

5. Because the service of the writ of summons attempted to be made in this cause upon the defendant organized under the laws of Georgia, and not domiciled or doing business in the State of Florida, by delivering a copy of the summons to its president temporarily in the State of Florida, is in violation of the rights guaranteed by the Constitution of the United States.

6. Because the said return of service endorsed on said summons does not state the service to have been made on the defendant, The Ellis-Young Company, named in the summons."

At the hearing of the motion, February 29, 1904, The Ellis-Young Company filed in support of the motion two affidavits of John R. Young to the effect that he was president of the company, which was domiciled in Chatham county, Georgia, and nowhere else, and that said company had never been domiciled in Duval county, Florida, nor had an agent or agency in said county; that deponent had never been a resident of Florida and at the time of the service he was temporarily in said Duval county on a business trip, not connected with the business of the company; and that said company did not during the year 1904 carry on or conduct any business in the State of Florida or have any office, officer or agent for the transaction of business in said State. No proof was offered by the plaintiff. The motion was denied March 2, 1904, and exception noted, and two days thereafter twenty days were allowed the defendant to file such pleadings as it might be advised, February 1, 1904, the plaintiff filed its declaration consisting of five counts, the first being for the conversion of 3000 barrels of rosin, the second

being for the conversion of 1000 barrels of spirits of turpentine, the third being a combination of the first two, while the fourth and fifth are for breaking and entering certain described lands in the State of Florida.

On the 23rd day of March, 1904, there were filed six pleas, the fourth, fifth and sixth being pleas of the general issue, and the first three, reading as follows: "Now comes the defendant in the above entitled cause, by its attorneys, and for a first plea to each count of the declaration, says, that the summons in said cause was served upon one John R. Young, in the said county of Duval, Florida, and who was at the time of the service upon him the president of said defendant corporation, and that the said defendant corporation was incorported and organized and now exists only under and by virtue of the laws of the State of Georgia, and has always had its offices and place of business in the county of Chatham, and State of Georgia, and nowhere else, with a branch office in Brunswick, Ga., and that said defendant has never had any office or place of business or any agent or agency in the said county of Duval, and State of Florida, and that said defendant corporation did not at the time of the attempted service of the summons in said cause, or at any other time during the year 1904, carry on or conduct any business or have any office, officer or agent for the transaction of business in the State of Florida, and that no person at the time of said attempted service was authorized to conduct any business for or to represent said defendant in said State of Florida in any manner whatsoever, and that said John R. Young has never been a resident of the State of Florida, and at the time of the attempted service of said summons on him he was temporarily in the said county of Duval, Florida, attending to his personal business, and not at-

tending to or engaged in any business whatever of the said defendant and the said defendant says that said Circuit Court for Duval county, Florida, never acquired any jurisdiction in said cause of this defendant by the said attempted service of said summons upon said John R. Young, and has never acquired and has no jurisdiction of defendant in said cause, and the same should be abated.

2. And the defendant for a second plea, to the first, second and third counts of said declaration says that at the commencement of the said above entitled suit, the defendant was not doing business of any kind in the State of Florida, and did not have any agent or other representative in said county of Duval, and State of Florida, or anywhere in the State of Florida, and that the only agents and representatives of defendant or office for the transaction of its business were at the commencement of said suit in the county of Chatham, and State of Georgia, with a branch office in Brunswick, Georgia, and that the said alleged cause of action mentioned and described in said counts of plaintiff's declaration did not accrue in the said county of Duval, Florida, or anywhere in the said State of Florida, and that the said property mentioned and described in said counts of said declaration was not at the time of the comencement of said suit, or since in the said county of Duval, and State of Florida, and that said Circuit Court for said county of Duval, Florida, has no jurisdiction of the said above entitled cause.

3. And the defendant, for a second plea to the fourth and fifth counts of plaintiff's declaration says that at the commencement of the said above entitled cause the defendant was not doing business of any kind in the State of Florida, and did not have any agent or other representative in said county of Duval, and State of Florida, or

anywhere in the State of Florida, and that its only agents, and representatives and office for the transaction of its business were at the commencement of said suit, in the county of Chatham, and State of Georgia, with a branch office in Brunswick, Georgia, and that the said alleged cause of action mentioned and described in said counts of plaintiff's declaration did not accrue in said county of Duval, State of Florida, and that the said lands mentioned and described in said counts of said declaration are not in the county of Duval, and State of Florida, but are in the county of LaFayette in said State of Florida, and that said Circuit Court for said county of Duval, Florida, has no jurisdiction of the said above entitled cause."

The plaintiff moved to strike the first three pleas set out above on the grounds that they are irrelevant to the issue and have been waived by filing pleas in bar. This motion was denied and exception noted.

The plaintiff joined issues on the pleas to the merits, but declining to take issue on the other pleas, a judgment final was entered quashing the writ and giving defendant judgment for costs.

Both parties procured a bill of exceptions, the plaintiff sued out its writ of error, assigning as errors the denial of the motion to strike pleas and the final judgment; the defendant also sued out a cross writ of error and also an independent writ, on which it assigns as error the refusal to quash the return.

*Wm. H. Baker,* for Putnam Lumber Company.

*Cooper & Cooper,* and *E. J. L'Engle,* for Ellis-Young Company.
17 S. C.

COCKRELL, J., *(after stating the facts.)* For conven-
ience we shall call the parties, plaintiff and defendant,
according to the positions they occupied respectively in
the Circuit Court and shall discuss the assignments in the
chronological order in which the rulings were there
made.

Did the court err in overruling the motion to quash the
return of the service of the writ?

Generally speaking motions, as distinguished from
pleas, are addressed to some discretionaly matter upon
which the court's action is requested or to some defect on
the face of the record, while other matters
are more properly presented by a plea; mo-
tions are summary and disposed of by the
court, while pleas are more orderly and are tried
by a jury. On an inspection of this motion and the affi-
davits filed in its support, it will be noticed that the mo-
tion is not addressed to the court for the purpose of hav-
ing its officer amend his return so as to speak the truth,
nor to have made a fuller return that he might officially
make under the responsibility of his bond, nor does it
controvert the truthfulness of any part of the return as
made.

Under our statutes service of the writ is effected by
reading the writ or summons to the person to be served
or by delivering him a copy thereof, and process against
a corporation, domestic or foreign, may be served (1)
upon the president or vice-president or other head of the
corporation; (2) in the absence of such head upon the
cashier or treasurer, or secretary or general manager;
(3) in the absence of all the above upon any director of
such company; (4) in the absence of all the above upon
any business agent resident in the county in which the
action is brought; (5) if a foreign corporation shall have

none of the foregoing officers as agents in this State, service may be made upon any agent transacting business for it in this State. Rev. Stats. of 1892, sec. 1019. In the foregoing classification a distinction is clearly made between officers and agents, and only as to the latter is there a qualification as to residence or transaction of business.

The objection is not to the writ itself nor to the service of the writ but to the return of the sheriff as to the service. Section 1026, Revised Statutes of 1892, having for its title Return of execution of process, reads: "All officers to whom process shall be directed shall note upon the same the time when it comes to hand, the time when it was executed, the manner of execution, and the name of the person upon whom it shall be executed, and if such person be served in a representative capacity, the position occupied by him. A failure to set forth the foregoing facts shall invalidate the service, but the return shall be amendable so as to state the truth at any time upon application to the court from which the process issued, and upon such amendment the service shall be as effective as if the return had originally stated such facts. A failure to state said facts in the return shall subject the officer so failing to a fine not exceeding ten dollars, at the discretion of the court."

The first, second, third and sixth grounds of the motion are directed to the form of the return, the fourth and fifth allege new matter. The first three are based on the absence from the return of a statement that the Georgia corporation was doing business in Florida, or that the president on whom the service was attempted to be made then resided in Florida, or that he was then in Florida on business or matters connected with the defendant in such wise as to render the defendant amenable to the

jurisdiction of the court.  We fail to find any thing in the law that calls upon the sheriff to make return as to these matters, and we fail to see how it would add to the effect of his return to incorporate therein matters beyond his official knowledge.

The sixth and last ground of the motion is based upon the misprision in naming the defendant The Ellis and Young Company instead of The Ellis-Young Company. This naming is under a videlicet and a reference to "the within named defendant," where in the writ the defendant is given its true name.

There seems to be a difference in the adjudged cases as to the procedure for raising the questions presented by the fourth and fifth grounds of the motion.  In the federal courts it has been permitted frequently to present by motion and affidavit the issue of jurisdiction over the person of foreign corporations, but in most of the cases we have examined the question has arisen over the truthfulness of the officer's return alleging agency on the part of the person served; there are however some that permit the question before us to be raised by motion.  We are of the opinion, however, that not only the sounder reasoning and the weight of authority but the current of our own decisions compel us to the conclusion that where the truthfulness of the sheriff's return is admitted, matters dehors such return must be raised by plea.  See Engelke & Feiner Milling Co. v. Grunthal, 46 Fla. 349, 35 South. Rep.  17; Tarrance v. State, 43 Fla. 446-460, 30 South. Rep. 685, and cases cited; Greer v. Young, 120 Ill. 184-190, 11 N. E. Rep. 167; Camden Rolling Mill Co. v. Swede Iron Co., 32 N. J. L. 15.

Did the court err in refusing to strike the first three pleas?

The defendant insists that the ruling of the court on motions to strike is discretionary and not reviewable, and cites cases from other States that are more or less in point. This court has frequently entertained errors assigned on such rulings, and while a discretion may be conceded the trial court in disposing of matters as to compulsory amendments for indefiniteness and the like, yet we are fully as well able as that court to pass upon matters that go to the gist of the controversy. The objection to these pleas is not formal but fundamental and is open to us for review.

The serious question then recurs. Were these pleas waived by the pleas to the merits filed simultaneously, or to put the question in another form "Is it permitted under our practice to plead to the jurisdiction of the courts of this State over the person of the defendant and at the same time to ask the court to adjudicate the merits of the cause?"

It is conceded that this could not be done at the common law, but it is contended that the common law has been changed in this respect. The only changes are to be found in sections 1062 and 1063 of the Revised Statutes of 1892 and Common Law Rule 60, as follows:

Sec. 1062. "All pleas shall be sworn to, either by the defendant or his agent or attorney. But it shall be no objection to any plea that it is contradictory to any other plea filed by the same party in the same cause."

Sec. 1063. "The defendant may plead as many matters of fact as he may deem necessary to his defence."

Rule 60. "Upon the trial, where there is more than one count, plea, avowry, or cognizance, upon the record, and the party pleading fails to establish a distinct subject matter of complaint in respect of each count, or some dis-

tinct ground of answer or defence in respect of each plea, avowry or cognizance, a verdict and judgment shall pass against him upon each count, plea, avowry, or cognizance, which he shall have so failed to establish, and he shall be liable to the other party for all the costs occasioned by such count, plea, avowry, or cognizance, including those of the evidence, as well as those of the pleading."

"It is an admitted canon, applicable to the construction of statutes, that when a statute contravenes or alters a principle of the common law it must always be strictly construed." Sealey v. Thomas, 6 Fla. 25-33. Even a criminal statute, that is in modification of the common law, will not be presumed to modify it further than is expressly declared; and construction or intendment will not be resorted to for the purpose of extending its operation. Webb v. Mullins, 78 Ala. 111. For the purposes of this case we may admit that the sections referred to, taken in connection with the quoted rule, which was adopted by this court for the government of the Circuit Courts and has the force and effect of the statute, do away with the common law objections to the simultaneous filing of pleas in bar and certain pleas in abatement, yet the pleas before us are not strictly pleas in abatement.

Chitty, in speaking of pleas to the jurisdiction, which are subdivided into the three classes of the subject matter, the person and the thing, says: Pleas of this description, though in effect they abate the writ, yet differ from pleas in abatement, principally in three points, *viz:* that they must be pleaded in person; that only half defense should be made, and that they should conclude *si curia cognoscere velit* (whether the court should take cognizance) and not *quod cassa bervetur* (that the bill may be quashed). 1 Chitty 411*.

That the mischief of the common law sought to be remedied was the frequent hardship of the rule requiring singleness of issue and that the statute was designated to effect no other change is made more manifest when we go to the original act of November 23, 1828, out of which the quoted sections of the Revision were carved. It reads: "Sec. 26. In all cases, the defendant or defendants may plead as many matters of law or fact, as he, she, or they may deem necessary to his, her or their defence; and it shall be no objection to any plea that it is contradictory to any other plea filed by the same party in the same cause." If it be permitted to file contradictory pleas now that the oath thereto is no longer required by the constitution, but by statute only, the contradiction must be one of fact, not of logic, nor does the act undertake to do away with all the consequences of such pleading.

There is an embarrassing paucity of adjudications on the precise point. Our attention has been called by counsel and our own research to decisions permitting the ordinary pleas in abatement, such as misnomer, another cause pending, jurisdiction of the amount to be filed with pleas on the merits. In Byler v. Jones, 79 Mo. 261, it was said the defendant could include in his answer a defense to the merits, without foregoing the benefits of his plea to the jurisdiction and in support thereof merely refers to a ruling in Little v. Harrington, 71 Mo. 390, in which it was held that there could be united a plea of nonjoinder and a plea to the merits, under the code system and former decisions to the contrary are overruled. Under the code system it seems all objections that can not be raised by demurrer must be embraced in one answer, and the decisions of the courts working under such a system can shed no light upon the point before us.

The only other case to which our attention is called that holds such pleas may be united is Gardner v. James, 5 R. I. 235, where it is said: "If he plead to the merits without first insisting upon the objections, he is deemed to have waived it, and can not afterwards plead that matter in abatement; and at common law pleading to the merits at all, before a judgment of *respondeat ouster,* would be a waiver of such plea in abatement. Under the practice universally prevailing in our courts, by which the defendant files all his pleas at the same time, whether in abatement or in bar, but in the regular order of pleading, first insisting upon the matters in abatement, it can hardly be held that the filing of pleas in bar is a waiver of those in abatement." The ruling is squarely based upon the universal practice there prevailing. We are not aware of such a universal practice in the Florida courts.

We do not feel bound by the adjudged cases, therefore, but are free to exercise an independent judgment. It must be borne in mind that if the facts existed, as set forth in these pleas, the defendant could absolutely ignore the attempted service, and the court's judgment should any be entered, would be without validity even on collateral attack, and the defendant is presumed to know the law that it could be brought into the case only by its own act, no compulsory process being of avail, and in the light of this knowledge, he appears in the court, not in its own proper person, but by the agency of an officer of the court and asks that court to adjudicate its rights, while at the same moment it asks to be heard, by that same agency, to deny that court's jurisdiction over its person.

A principle, persuasive, if not conclusive, has been frequently applied by us. In Oppenheimer v. Guckenheimer,

34 Fla. 13, 15 South. Rep. 670, we decided that "where a defendant in error appears specially for the purpose of objecting to the issuance or service of the *scire facias,* and thereby presenting the question of the jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction, and must not include therein some other ground that recognizes the jurisdiction of the court over his person, and amounts to an appearance by him," and in Dudley v. White, 44 Fla. 264, 31 South. Rep. 830, the quoted language was repeated with the addition "and we may now add that if he does so, the motion will be held to be a general appearance, notwithstanding the fact that it is made in pursuance of a special appearance." In the latter case the ground of the motion, setting forth a claim of defendant's privilege to have the action brought in another county in the State, was held to recognize jurisdiction of the person and a waiver of defective service of process. The same principle was recently applied by us in Ray v. Trice, 48 Fla. 297, 37 South. Rep. 582.

In the face of these decisions and in the knowledge that by its own act alone could the Florida courts obtain jurisdiction over its person, the defendant has voluntarily appealed to our court for an adjudication on the merits of the controversy, before having that court pass upon the question of jurisdiction properly presented, and it thereby subjected its person by its own act to the jurisdiction of the Circuit Court, and the pleas which sought to question this jurisdiction, so admitted on the record, should have been stricken.

The third plea we do not read as attempting to set out a claim of personal privilege to be sued in Levy county, even should the statutory right for such a claim apply to

non-residents, but is an attempted denial of jurisdiction over the person.

There is nothing in the suggestion of want of jurisdiction over the subject matter. The Circuit Courts in this State are courts of most general jurisdiction, successors in sort to the Court of King's Bench in England (Taylor v. State, 49 Fla. 69, 38 South. Rep. 380), and the amount involved being sufficiently large, and the parties being before the court, all bona fide transitory actions are within its power to hear and determine.

Having held the defendant properly before the court, we are not called upon to apply the effect of the suing out the writ of error herein as a general appearance. Drew Lumber Co. v. Walter, 45 Fla. 252, 34 South. Rep. 244.

For the error in refusing to strike the first three pleas the judgment is reversed.

There was no error in denying the motion to quash the service of the writ and the assignments of error on behalf of the defendant are not sustained.

The costs of all the appellate proceedings will be taxed against the defendant, The Ellis-Young Company.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.