M. J. HULSEY, as Trustee in Bankruptcy, *Appellant,* vs. COMMERCIAL INVESTMENT TRUST, INCORPORATED, *Appellee.*

138 So. 766.

Division B.

Opinion filed November 19, 1931.

Petition or rehearing denied December 19, 1931.

*J. Tom Watson* and *F. T. Saussy*, of Tampa, for Appellant;

*J. C. Davant*, of Tampa, for Appellee.

Davis, J.—Commercial Investment Trust, Incorporated,

was a New York corporation which had no office and did no business in the State of Florida, nor did it have any agent or other person in this State upon whom process could be served. C. I. T. was a separate and distinct corporation which did business and had an office in the State of Florida, where it was represented by one M. R. Jarvis, an agent. It had a Florida attorney who was Frank S. Barrett.

On January 13, 1927, certain parties filed their bill of complaint in the Circuit Court of Pinellas County against Skinner Machinery Company and others. The bill was in the nature of a creditors bill to reach assets of Skinner Machinery Company, a corporation. In this bill, Commercial Investment Trust, a corporation, was named as a defendant with Skinner Machinery Company and its other associated defendants. The object of the suit in so far as Commercial Investment Trust was concerned, was to charge it with the value of certain collateral securities which it was alleged to have obtained from Skinner Machinery Company and unlawfully converted to its own use, whereas such securities should have inured to the benefit of the creditors of Skinner Machinery Company.

In said suit process was issued and served on one M. R. Jarvis, as an agent of Commercial Investment Trust. As a matter of fact, he was not an agent at all of Commercial Investment Trust, but was an agent of C. I. T., a corporation of like character and business. This agent turned the summons over to one Frank S. Barrett, who had no connection whatsoever with Commercial Investment Trust but was the local attorney who represented C. I. T., a corporation. Said attorney entered his appearance in the cause in response to the summons, and the cause proceeded to decree pro confesso and final decree against Commercial Investment Trust. This decree was in the form of a money judgment in favor of Hulsey, Trustee in Bankruptcy for Skinner Machinery Company, which in the

meantime had been adjudicated bankrupt, the Trustee being substituted as a party complainant in the equity suit. The amount of this judgment was $12,779.06. The date of the decree was March 31, 1928.

The real name of the corporation intended to be made a defendant in the above mentioned suit is Commercial Investment Trust, Incorporated, although it was named in that suit only as Commercial Investment Trust, leaving out the word "Incorporated" as a part of the name. In the entry of appearance which was made by attorney Barrett, the name of the corporation was given as "Commercial Investment Trust, a corporation".

There is no doubt that it was Commercial Investment Trust, Incorporated, which was the object of the suit in which the decree was rendered and there is no doubt from the record that it was that corporation which committed the acts upon which the court entered the final decree in the form of a money judgment.

After a purported final decree signed March 31, 1928, based on a decree pro confesso dated March 5, 1928, was entered as aforesaid, the Commercial Investment Trust, Incorporated, on April 14, 1928, appeared in the Court in which such decree was rendered and moved to vacate it. This appearance is alleged to have been general because said Commercial Investment Trust, Incorporated, moved in writing to set aside the default and expressed its willingness to present its defenses and proceed to trial on the merits, if granted leave of court so to do. The motion was denied. This was in legal effect the entry of a final decree as of that date against the Commercial Investment Trust, Incorporated, because it upheld and continued in force the previous decree which had been entered on March 31, 1928.

On May 18, 1928, the same defendant made another motion to vacate the decree and for a rehearing. In this motion it attacked the merits of the cause on the ground,

amongst others, that the bill of complaint was without equity. This motion was also denied and a rehearing refused.

On June 7, 1928, without taking any appeal or making any other direct attack on the final decree entered in the suit just referred to, the Commercial Investment Trust, Incorporated, brought its separate suit in equity, seeking to set aside the final decree which had been entered in the previous suit on the ground that said decree was entered without service having been lawfully made on Commercial Investment Trust, Incorporated, the actual defendant, although purported service appeared to have been made on C. I. T. corporation on the theory that C. I. T. corporation and Commercial Investment Trust, Incorporated, were the same.

By way of defense asserted by an answer, Hulsey as Trustee, the judgment creditor under the final decree sought to be set aside and enjoined, averred the foregoing facts and upon the basis of such averment contended that because Commercial Investment Trust, Incorporated, although not served with process, appeared in the cause and attacked the merits of the suit, and was overruled in its efforts to have the final decree vacated by a direct attack upon it in the same proceeding in which it was entered, and had not appealed from the result of its effort in that suit, that it was without standing in a court of equity to have the enforcement of such decree enjoined in the present suit.

This answer also set up by way of counter-claim or equitable set-off, that since the Commercial Investment Trust, Incorporated, was then before the court and within the jurisdiction of the judicial tribunals of Florida, that such company should be compelled to answer the claim which Hulsey, as Trustee, had against such corporation, which was the same claim upon which the decree sought to be set aside had been entered, the theory of this affirma-

tive defense being that if the decree was void and subject to being set aside in an equity proceeding to enjoin its enforcement, that this would reinstate the equitable claim out of which such decree grew, and that such equitable claim was a proper matter to assert as a cross-demand in the event complainant should obtain the relief sought by it on its own bill  Exceptions and a motion to strike the answer were interposed and sustained. Whereupon Hulsey, as Trustee, appealed and the questions presented here on such appeal relate to the rejection of the attempted defense and counter-claim.

In Rorick v. Stilwell, 101 Fla. 4, 133 Sou. Rep. 609, a case recently decided by this Court, it was held that where persons who are named as defendants in an equity suit, where process has been issued and returned as served upon them, when in truth and in fact no such legal service has been made, although shown as such by the return on the process, have the right to call such lack of jurisdiction to the attention of the equity court by specially appearing in the cause and moving to set aside or vacate the alleged service and return of service of process when it appears in the record as a virtual basis for the court to assume that it has actually obtained jurisdiction over the person of the defendant.

It was also held in that case that so long as the appearance was special and was limited to the purpose of presenting the question of jurisdiction and did not go to the merits, that such special appearance would be good as such, and would in and of itself give the court in which the appearance was entered, no general jurisdiction over the person of defendant, even in the event the appearance was denied and an appeal taken seeking to have that question, and that question alone, reviewed.

But it was also said in that case that the entry of a special appearance was not the only way by which lack of jurisdiction could be attacked. It was expressly recog-

nized in that case that in lieu of specially appearing and presenting the question, the defendant who had not been served had the right to ''disregard it and subsequently to raise the objection upon an appeal from the decree *or to resist the execution of the decree as void.*'' (Rorick v. Stilwell, *supra,* 134 Sou. Rep., text 616).

In the case at bar it appears that the Commercial Investment Trust, Incorporated, elected to seek whatever relief it was entitled to have against a purported service of process on it which had never been made, by appearing voluntarily in the same suit and seeking to have the decree vacated because it had been entered without any proper service of process.

But the record here shows that said Commercial Investment Trust, Incorporated, did not confine itself to that question but entered a general appearance in the cause by seeking to have the merits of the case reopened and a trial of the issues had on the merits. It also attacked the sufficiency of the bill of complaint to state a cause for equitable relief, and this also constituted an appearance in the cause.

It follows, therefore, that if the defendant generally appeared in the first suit, it is bound by the proceedings in that suit, and cannot in this present suit now on appeal before this court, undertake to collaterally attack and set aside the decree entered in a suit in which it generally appeared. Its remedy for any erroneous denial of relief to it in the first suit was by appeal from any order or decree made in such suit,—not by filing an independent bill to enjoin and set aside the decree as void, because it was not void. Ortell v. Ortell, 91 Fla. 50, 107 Sou. Rep. 442.

The record shows that the Commercial Investment Trust, Incorporated, entered its appearance in the first suit, *before* final decree. At that time it requested permission to file an answer on the merits and to go to trial on the merits. Therefore when this request was denied and the

final decree later entered, such final decree became binding on such defendant, it having actually entered its general appearance in court, even though such final decree was entered erroneously and even though permission to defend on the merits was through error denied prior to the entry of such final decree. Brecht v. Bur-Ne Co., 91 Fla. 345, 108 Sou. Rep. 173.

What happened subsequent to the final decree was just another step taken by the defendant which more firmly bound it to seek whatever relief it was entitled to have by taking an appeal or other steps in that suit, instead of disregarding it altogether and bringing this one.

In so holding, we are not unmindful that a general appearance such as was entered here, cannot relate back and validate proceedings which have been taken against the defendant at a time when it was not legally in court and before it got in court through its general appearance. Fuller v. Burruss, 102 Fla. 1145, 137 Sou. Rep. 241, decided at the present term, opinion filed October 8, 1931; Stanely v. Arnow, 13 Fla. 361; Tunno v. Roberts, 16 Fla. 738, text 751; Wylly v. Sanford Loan & Trust Co., 44 Fla. 818, 33 Sou. Rep. 453; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095.

But in this case, the general appearance was entered *before* there was any valid decree, so the final decree when ultimately entered became binding on it since it was based on a proper bill of complaint, acts by defendant which constituted an appearance to that bill and after a hearing before the chancellor. The final decree entered follows the bill and consequently binds the defendant in this suit, even though it may have been erroneously entered in such other suit.

In discussing this case we have, for the purpose of such discussion, considered as true the allegations of the defendant's answer which were stricken, and to which exceptions were sustained. On a remand of the cause such

allegations of the answer may be put in issue by appropriate proceedings which are not hereby intended to be foreclosed.

From what we have said it follows that it was error to grant the motion to strike or to sustain the exceptions, so the decree appealed from is reversed and the cause remanded for further proceedings according to law and equity practice.

Reversed and remanded.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.