STATE, *ex rel.* SCHENLEY DISTRIBUTORS, v. THE CIVIL COURT OF RECORD, DUVAL COUNTY, BURTON BARRS, as Judge of said Court, and B. B. ANDERSON.

188 So. 96.
Opinion Filed April 10, 1939.

*J. H. Markham* and *Adair, Cooper, Osborne & Copp* for Relator.

*Burton Barrs* and *Evan Evans* for Respondents.

PER CURIAM.—On application to this Court by petition for a writ of prohibition to be directed against the Judge of the Civil Court of Record of Duval County, Florida, the question as to the proper practice is presented for settling matters *dehors* the record in a return of the Sheriff on a summons *ad respondendum* in a common law action. The Judge of the Civil Court of Record of Duval County held that such matters should be raised by plea, while counsel for relator contends that a special and limited appearance and motion to quash the purported service and return, with supporting affidavits in substantial compliance with Section 4279 C. G. L. is the proper practice and not by plea as held by the Judge of the Civil Court of Record of Duval County.

The record shows that counsel for plaintiff filed in the Civil Court of Record of Duval County a praecipe for an alias summons *ad respondendum* and that the same issued and was by an officer served on an *alleged* agent of the defendant residing in Duval County, Florida. The alias summons *ad respondendum* and the return thereon are, viz.:

Endorsed on back:

"IN THE CIVIL COURT OF RECORD, DUVAL COUNTY, FLORIDA

"35959

"B. B. Anderson, Plaintiff, v. Schenley Distributors, Inc., a corporation, Defendant.

"DECLARATION FILED DEC. 5, 1938

"JOHN D. BAKER, Clerk Civil Court, Duval County, Florida.

"SUMMONS

"In the Civil Court of Record for Duval County, Florida

"Alias          The State of Florida:  SS.

"To All and Singular the Sheriffs of the State of Florida—Greeting:

"You Are Commanded to Summon Schenley Distributors, Inc., a corporation, if found within the State of Florida to file a written appearance with the Clerk of the Civil Court of Record of Duval County, Florida, at the Court House in Jacksonville, Duval County, Florida, on the first Monday in January next, being the 2nd day of said Month, to an action at law brought against the above named party or parties by B. B. Anderson and thereafter to file with said Clerk written defenses to the declaration on or before the time prescribed by law, and herein fail not or judgment will be entered against above named party or parties by default.  The amount of damages for which plaintiff sues is Three Thousand Dollars ($3000.00).

"Witness my hand and the seal of said Court at Jacksonville, Florida, this 26th day of November, A. D. 1938.

"John D. Baker, Clerk of said Civil Court of Record.

"(Seal)        By *Birt C. Bird* (*s/d*) *Birt C. Byrd*
                             As Deputy Clerk."

Endorsed on back:

"Case No. 35959      9134         "Received 1938 Nov. 26,
"State of Florida                        A. M. 11:15
      County of Duval
                                                "Sheriff's Office
"In the Civil Court of                    Duval County
      Record                                 Jacksonville, Florida
"B. B. Anderson, Plain-            "No. 9134
tiff v. Schenley Distribu-            "Original   Return

TORS, INC., a corporation, Defendant.

"ALIAS SUMMONS AD- RESPONDENDUM

"To JANUARY Rule Day, 1939

"FILED

"DEC. 15, 1938

"John D. Baker, Clerk Civil Court, Duval County, Florida

"Evan Evans, Plaintiffs' Attorney

"Received this Writ on Nov. 26, A. D. 1938 and executed same in Duval County, Florida on Nov. 30, A. D. 1938, by delivering a true copy thereof to C. F. Keidel, as a Business Agent resident in the State of Florida, for the within named defendant, SCHEN- LEY DISTRIBUTORS, INC., a corporation.

"IN THE ABSENCE FROM DUVAL COUNTY, FLORIDA OF ITS PRESIDENT, VICE PRESI- DENT, AND OTHER HEADS, CASHIER, TREASURER, SECRE- TARY, GENERAL MANAGER OR ANY DIRECTOR OF THE WITHIN NAMED DEFEND- ANT, AND AT THE SAME TIME EXHIBITING THIS ORIGINAL WRIT AND EX- PLAINING THE CONTENTS THEREOF.

"Writ     1.60

"CH

"REX SWEAT, Sheriff of Duval County, Florida

"By C. A. Hartley Deputy Sheriff."

Relator's motion to quash and affidavits filed in support thereof show by the sheriff's returns that he served said

summonses on C. F. Keidel, as a business agent resident in the State of Florida for relator Schenley Distributors, Inc., are false and untrue, because (1) C. F. Keidel was not any agent or employee of relator at the time of the commencement of said actions, or at the time of said attempted services or at any time between said times, and because (2) relator is a corporation organized and existing under the laws of the State of New York; it has never applied for a license or been licensed to transact business in the State of Florida; it was not at the time of said attempted service doing, and has never done, business in the State of Florida; and the said C. F. Keidel was not at the time of the institution of said suit, or at the time of said attempted service of said alias summons, or at any time between said times, a business agent of said defendant resident in the State of Florida, or any agent transacting business for said defendant in the State of Florida, or president, or vice-president, or other head of said defendant, or cashier, or treasurer, or secretary or general manager, or director of said defendant.

In the case of Putnam Lumber Co. v. Ellis-Young Co., 50 Fla. 251, 39 So. 193, a summons was served on John R. Young, President of Ellis-Young Company, and a motion was made to quash the return of the service on the writ of summons with affidavits in support of the different grounds of the motion. The affidavits recited that John R. Young was domiciled in Chatham County, Georgia, and nowhere else, and that his Company was never domiciled in Duval County, Florida, nor had an agent in said County, and that Young had never lived in Duval County or the State of Florida, but was in Florida on a business trip when served with process. Other allegations appeared and negative the prerequisites of service as required by Section 4251 C. G. L. The motion to quash the service was by the lower

court denied and the same was argued as error in this Court, when it was said:

"Generally speaking motions, as distinguished from pleas, are addressed to some discretionary matter upon which the court's action is requested or to some defect on the face of the record, while other matters are more properly presented by a plea; motions are summary and disposed of by the court, while pleas are more orderly and are tried by a jury. On an inspection of this motion and the affidavits filed in its support, it will be noticed that the motion is not addressed to the Court for the purpose of having its officer amend his return so as to speak the truth, nor to have made a fuller return that he might officially make under the responsibility of his bond, nor does it controvert the truthfulness of any part of the return as made.

"Under our statutes service of the writ is effected by reading the writ or summons to the person to be served or by delivering him a copy thereof, and process against a corporation, domestic or foreign, may be served (1) upon the president or vice-president or other head of the corporation; (2) in the absence of such head upon the cashier or treasurer, or secretary or general manager; (3) in the absence of all the above upon any director of such company; (4) in the absence of all the above upon any business agent resident in the county in which the action is brought; (5) if a foreign corporation shall have none of the foregoing officers as agents in this State, service may be made upon any agent transacting business for it in this State * * *

"There seems to be a difference in the adjudged cases as to the procedure for raising questions presented by the fourth and fifth grounds of the motion. In the federal courts it has been permitted frequently to present by motion

and affidavit the issue of jurisdiction over the person of foreign corporations, but in most of the cases we have examined the question has arisen over the truthfulness of the officer's return alleging agency on the part of the person served; there are however some that permit the question before us to be raised by motion. We are of the opinion, however, that not only the sounder reasoning and the weight of authority but the current of our own decisions compel us to the conclusion that where the truthfulness of the sheriff's return is admitted, matters dehors such return must be raised by plea. See Engelke & Feiner Milling Co. v. Grunthal, 46 Fla. 349, 35 South. Rep. 17; Terrance v. State, 43 Fla. 446-460, 30 South Rep. 685, and cases cited; Greer v. Young, 120 Ill. 184-190, 11 N. E. Rep. 167; Camden Rolling Mill Co. v. Swede Iron Co., 32 N. J. L. 15."

See Campbell v. Chaffee, 6 Fla. 724; Ortell v. Ortell, 91 Fla. 50, 107 So. 332; 50 C. J. 591; 21 C. J. 167.

Counsel for relator cites decisions of this Court but upon examination thereof it will be observed that each case decided some principle of law controlling equity practice in Florida. The cases are, viz.: Rorick v. Stilwell, 101 Fla. 4, 133 So. 609; Hulsey v. Commercial Inv. Trust, 103 Fla. 609, 138 So. 766. In the case of Rorick v. Stilwell, *supra,* this Court, speaking through the late Mr. Justice DAVIS, observed that in Florida there is no controlling statute or rule of court prescribing any particular method of testing the sufficiency of *summons in chancery,* so the Federal practice controls and held that the defendants, who had been served with process, had the right to raise their objections to jurisdiction as to matters apparent on the face of the proceeding in the form of a special appearance and motion

to quash the service or return when the same was supported by appropriate affidavits.

In the case of Ortell v. Ortell, 91 Fla. 50, 107 So. 442, this Court, speaking through Mr. Justice Brown, distinguished between defects in service in a chancery suit appearing on the face of the record and matters dehors the record which should be raised by a plea in abatement. While the Rorick and Ortell cases distinguish between matters apparent on the face of the proceedings and the proper practice for raising the same and obtaining a ruling by the Court, likewise the rule is observed as to the practice of raising and obtaining a ruling by the Court on matters *dehors* the record and there is no conflict with the principle enunciated in Putnam Lumber Co. v. Ellis-Young Co., *supra,* which was an action at Law. See also 50 C. J. 590.

It follows that the question of whether or not C. F. Keidel was a business resident agent or employee of Schenley Distributors, Inc., at the time of the purported service on him is a matter dehors the record and should be presented by plea in abatement and decided as any other question of fact.

The petition for a writ of prohibition is denied and the proceedings quashed. It is so ordered.

Terrell, C. J., and Whitfield, Brown, Buford, Chapman and Thomas, J. J., concur.