SEASTROM, INC. ET AL. *v.* AMICK CONSTRUCTION CO., INC.

[No. 1-173A14. Filed January 30, 1974.]

*J. B. King, Theodore R. Boehm, Rory O'Bryan, Baker & Daniels,* of Indianapolis, for appellants.

*Vance M. Waggoner,* of Rushville, *Arch N. Bobbitt,* of Indianapolis, *Eugene B. Burns,* of Lebanon, for appellee.

PER CURIAM.—This cause is pending before the Court on the appellee's Motion to Dismiss or Affirm Judgment of Trial Court which alleges *inter alia,* that the motion to correct errors was not timely filed within sixty days after the judgment was entered. The crux of the problem raised by appellee's motion is whether the filing of the motion to correct errors can be accomplished by mailing as provided for by Rule TR. 5(E).

The record reveals that judgment was entered on July 17, 1972. Sixty days from July 17 fell on September 15. On September 15, a Friday, Appellants' counsel mailed the motion to correct errors to the Clerk of the Boone Circuit Court by certified mail, return receipt requested. The motion was received by the Clerk of the Boone Circuit Court on the following Monday, September 18, and she filed the same on September 18, 1972.

Rule TR. 5(E) reads as follows:

"(E) Filing with the court defined. The filing of pleadings and papers with the court as required by these rules shall be made by one of the following methods:

(1) Delivering the pleadings or papers to the clerk of the court;

(2) Mailing the papers to the clerk by registered or certified mail return receipt requested; or

(3) If the court so permits, filing the papers with the judge, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.

Filing by registered or certified mail shall be complete upon mailing."

Appellee argues that (1) a motion to correct errors is neither a "pleading" nor a "paper" within the meaning of these terms as used in TR. 5(E), and (2) that appellee "concludes from the plain reading of the rule that mailing is filing and that mailing papers to the clerk by registered or certified mail is filing complete upon mailing, but we do not know what is included in the term 'papers' or whether that

is any different than the 'pleadings and papers' . . . we do not know whether papers include motions."

Our research indicates that the word "pleadings" strictly speaking, has a limited and precise meaning. We find, for example:

"Pleadings at common law are composed of the written allegations of the parties, terminating in a single proposition distinctly affirmed on one side and denied on the other, called the 'issue.' If it is a proposition of fact, it is to be tried by the jury upon the evidence adduced; and it must correspond with the allegations and be confined to the point in issue. Pleadings are for the purpose of advising the parties to an action what the opposite party relies on, that he may be ready to meet it in evidence on trial. Parliman v. Young, 4 N.W. 139, 143, 2 Dak. 175; Marshall v. Haney, Md., 9 Gill. 251, 258; Hong Sling v. Scottish Union & National Ins. Co., 27 P. 170, 171, 7 Utah, 441; Blum v. Bruggemann, 68 N.Y.S. 1065, 1066, 58 App. Div. 377." Words and Phrases, Vol. 32A, pp. 268, 269.

Pleadings are the allegations made for the purpose of definitely presenting the issue or issues to be tried ■ and determined. *Burch v. Grace St. Bldg. Corporation,* 191 S.E. 672, 677, 168 Va. 329.

Pleadings are the formal written allegations by the parties of their respective demands and defenses, and are employed to state the ultimate facts, which, when uncontro- ■ verted, or when established by evidence at the trial, afford the foundation upon which a judgment or decree must necessarily rest. *Treadgold* v. *Willard,* 160 P. 803, 805, 81 Or. 658. Words and Phrases, Op. Cit., p. 268.

Motions have been held not to be pleadings.

"A 'motion' is not a pleading but simply is for the purpose of obtaining an order from court." *Landrum v. State,* 255 P. 2d, 525, 528, 96 Okl. Cr. 356.

"Generally, 'motions' as distinguished from pleas are addressed to some discretionary matter upon which Court's action is requested or to some defect on the face of the record." *State ex rel Schenley Distributors v. Civil Court of Record of Duval County,* 188 So. 96, 98, 137 Fla. 167. Words and Phrases, Vol. 27A, p. 352.

The same distinction between pleadings and motions is made in our rules of civil procedure, Rule TR. 7(A) and (B). There are cases from other jurisdictions on both sides of the question of whether a motion for new trial (motion to correct errors) is, or is not a pleading. Referring again to our Rule TR. 7(A) and (B), we conclude that a motion to correct errors is not a pleading.

Turning now to a re-examination of Rule TR. 5, we see that it employs several terms to describe those matters to be served and filed. The rule refers to pleadings, motions and papers. Having determined that the words "pleadings" and "motions" have certain limited definitions, we now conclude that the intent of the legislature and of the Supreme Court in the use of the word "papers" was that papers is a general, all encompassing word to describe all types of matters which might be filed, including, but not limited to, pleadings and motions. This would certainly include a motion to correct errors.

Having arrived at that conclusion, we construe Rule TR. 5(E)(2) to mean any and all filings may be accomplished by mailing the matters to be filed to the clerk of the court by registered or certified mail, return receipt requested, and that the filing is accomplished upon deposit in the mail.

In the record now before us, we find attached to the motion to correct errors an affidavit of filing by certified mail in which one of the attorneys for appellants swore under oath that he deposited the motion in the United States mails on September 15, 1972, by certified mail, return receipt requested, addressed to the Clerk of the Boone Circuit Court, Lebanon, Indiana. Attached as exhibits to a return to Writ of Certiorari is the receipt for certified mail, showing mailing on September 15, 1972, and the delivery card, showing delivery to Thelma Burgen, Clerk of the Boone Circuit Court on September 18, 1972. The Clerk performed the ministerial act of file stamping the motion on September 18, the date

it was received by her. We hold, however, that filing was previously accomplished on September 15, 1972, by mailing, all in accordance with Rule TR. 5(E).

Turning now to other points of appellee's Motion to Dismiss or Affirm, appellee alleges certain defects in the record of the proceedings which, under the present rules of procedure are not causes for dismissal or affirmance. Appellee also alleges certain deficiencies in appellants' brief. We have examined the brief and find it in substantial compliance with the rules, and that it is sufficient to present to the Court appellants' claimed errors.

For all of the above and foregoing reasons, the appellee's motion to dismiss or affirm the judgment of the trial court is denied.

NOTE.—Reported at 306 N.E.2d 125.