**Allis CHALMERS, Appellant (Defendant Below).**

v.

**ESTATE of William MARKET, Appellee (Plaintiff Below).**

**No. 1–879A212.**

Court of Appeals of Indiana, First District.

Dec. 5, 1979.

Rehearing Denied Jan. 2, 1980.

Randolph A. Leerkamp, Osborn & Hiner, Indianapolis, Stephen L. Huddleston, Huddleston & Combs, Franklin, for appellant.

Daniel W. Helt, Newport, Brian J. Deppe, Lagrange, Fredbeck & Deppe, Franklin, for appellee.

ROBERTSON, Judge.

This is an interlocutory appeal from the trial court's denial of the defendant's motion for judgment on the pleadings. We affirm.

The Estate of William Market (Estate) filed a complaint for wrongful death by registered mail, return receipt requested.

The mailing of the complaint occurred prior to the running of the two (2) year statute of limitations. The complaint was received and file marked by the court clerk after the two year period. Allis Chalmers (Chalmers) moved for a judgment on the pleadings, contending the statute of limitations had run, thus barring the action. The trial court denied the motion and held that Ind. Rules of Procedure, Trial Rule 5(E),[1] controlled the filing of the complaint required by Ind. Rules of Procedure, Trial Rule 3.[2] Therefore, the filing was complete upon mailing.

The sole issue for review is whether or not a complaint is filed when it is placed in the mails, certified mail, return receipt requested.

Chalmers argues that T.R. 5(E) applies only to pleadings, papers and motions filed subsequent to the complaint. This argument is based upon a reading of T.R. 5 in its entirety. Sections A to D of T.R. 5 deal with papers, pleadings and motions subsequent to the complaint. Additionally, Chalmers maintains that even if T.R. 5(E) does refer to the filing of complaints, the particular subsection dealing with filing by registered mail, T.R. 5(E)(2), does not apply to complaints. This view is predicated on the contention that a complaint is a "pleading" and T.R. 5(E)(2) refers to "papers" filed by mail rather than pleadings.

Chalmers' argument is not persuasive. This court discussed the scope of T.R. 5 in *Seastrom v. Amick Construction Co., Inc.*, (1974) 159 Ind.App. 266, 306 N.E.2d 125, wherein the court declared that although a motion to correct errors was not a pleading, it was a "paper" and therefore covered by the mailing provisions of T.R. 5(E)(2). In *Seastrom*, the court attempted to clarify the term "papers" as used in T.R. 5(E)(2):

Turning now to a re-examination of Rule TR 5, we see that it employs several terms to describe those matters to be served and filed. The rule refers to pleadings, motions and papers. Having determined that the words "pleadings" and "motions" have certain limited definitions, *we now conclude that the intent of the legislature and of the Supreme Court in the use of the word "papers" was that papers is a general, all encompassing work to describe all types of matters which might be filed, including, but not limited to, pleadings and motions.* This would certainly include a motion to correct errors. [Emphasis added.]

159 Ind.App. at 269, 306 N.E.2d at 127.

In discussing the general application of T.R. 5(E)(2), the *Seastrom* court declared:

[W]e construe Rule TR 5(E)(2) to mean *any and all findings may be accomplished by mailing the matters to be filed to the clerk of the court by registered or certified mail, return receipt requested, and that the filing is accomplished upon deposit in the mail.* [Emphasis added.]

159 Ind.App. at 269, 306 N.E.2d at 127.

A complaint is a pleading as specified in Ind. Rules of Procedure, Trial Rule 7(A). The definition for "papers" in *Seastrom* encompasses pleadings. Applying that definition to the case at bar, a complaint is subject to the filing provisions of T.R. 5(E)(2). The filing of the Estate's complaint was therefore complete when it was mailed.

Finding no error we affirm.

GARRARD, P. J. (sitting by designation) and NEAL, J., concur.

1. Ind. Rules of Procedure, Trial Rule 5(E) reads as follows:
   (E) Filing with the court defined. The filing of pleadings and papers with the court as required by these rules shall be made by one of the following methods:
   (1) delivering the pleadings or papers to the clerk of the court;
   (2) mailing the papers to the clerk by registered or certified mail return receipt requested; or
   (3) if the court so permits, filing the papers with the judge, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.
   Filing by registered or certified mail shall be complete upon mailing.

2. Ind. Rules of Procedure, Trial Rule 3 reads as follows:
   A civil action is commenced by filing a complaint with the court or such equivalent pleading or document as may be specified by statute.