**Steven M. BAKER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–985A237PS.**

Court of Appeals of Indiana, Third District.

March 30, 1987.

Steven M. Baker, pro se.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Steven Baker brings this appeal from the Allen County Superior Court's denial of his motion to correct errors filed following that court's denial of his petitions for post-conviction relief. Baker alleges that the trial court's finding that his motion to correct errors was not timely filed was in error.

The record shows that Baker, a pro se litigant who was at the time of the filing incarcerated at Westville Correctional Center, placed his motion to correct errors in the institutional mail pouch at the Westville Center's law library on February 8, 1985. The motion was mailed via certified mail, return receipt requested, to the clerk of the Allen County Superior Court, the Allen County prosecuting attorney and the judge who had denied his petition for post-conviction relief. For reasons unknown and unattributable to Baker, the motion was not postmarked until February 20, 1985 and not received by the Allen County Clerk until February 25, 1985. Both dates were past February 12, 1985, the last day of Baker's 60–day period for filing his motion to correct errors pursuant to Ind.Rules of Procedure, Trial Rule 59(C). On March 6, 1985, the trial court denied Baker's motion to correct errors because it was not filed within the 60–day period.

Ind.Rules of Procedure, Trial Rule 5(E)(2) governs the filing of pleadings, including motions to correct errors, by mail:

"(E) Filing With the Court Defined. The filing of pleadings and papers with the court as required by these rules shall be made by one of the following methods:

\* \* \* \* \* \*

(2) Mailing the papers to the clerk by registered or certified mail return receipt requested[.] ... Filing by registered or certified mail shall be complete upon mailing."

This Court in *Seastrom, Inc. et al. v. Amick Constr. Co., Inc.* (1974), 159 Ind.App. 266, 269, 306 N.E.2d 125, 127, had occasion to review T.R. 5(E)(2):

"[W]e construe TR. 5(E)(2) to mean any and all filings may be accomplished by mailing the matters to be filed to the clerk of the court by registered or certified mail, return receipt requested, and that *the filing is accomplished upon deposit in the mail.*" (Emphasis added.)

Since Baker was unable due to his incarceration to personally take his motion to correct errors to a post office, he "deposited" his motion in the institutional mail pouch in the Westville Correctional Center's law library on February 8, 1985. This deposit conformed with the requirements of T.R. 5(E)(2) as construed by this Court in *Seastrom, supra,* because Baker, as best as he was able, mailed his motion four days prior to the filing deadline. The denial of Baker's motion to correct errors because it was postmarked late due to no fault of his own is inconsistent with the Seventh Circuit's holding in *Childs v. Duckworth* (7th Cir.1983), 705 F.2d 915, 922, that it is the duty of the trial court to insure that the claims of a pro se litigant are given a fair and meaningful consideration. The denial of Baker's motion to correct errors here was also contrary to this Court's policy of

500

preferring to decide cases on their merits rather than dismiss them because of harmless timing failures. *See, Sekerez v. Gehring* (1981), Ind.App., 419 N.E.2d 1004, 1008. Because his motion was put in the mail prior to the filing deadline, Baker's motion to correct errors was erroneously denied by the trial court.

 Baker also directs this Court's attention to the trial court's dismissal of his petitions for post-conviction relief. The trial court dismissed Baker's petitions without a hearing and with only the following entries into the court docket:

"CR–77–251—

Defendant's Petition for Post Conviction Relief is now by the Court dismissed. Defendant's sentence herein was completed.

CR–79–57—

Defendant's Petition for Post Conviction Relief is now by the Court dismissed. Defendant's sentence has been completed.

DATED: December 14, 1984

cc: Steven M. Baker

/s/Philip R. Thieme
Judge"

The trial court's basis for its ruling is contrary to law. Ind.Rules of Procedure, Post-Conviction Rule 1, Section 1 reads, in pertinent part:

"Section 1. Remedy-To Whom Available-Conditions.

(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, ... may institute *at any time* a proceeding under this Rule to secure relief...." (Emphasis added.)

Nowhere in the post-conviction rules is there a limitation of the available relief to petitioners who are still serving the sentence for the conviction which they wish to attack. Petitions for post-conviction relief should be addressed on their merits even when the petitioner's sentence has been served. *Rader v. State* (1979), 181 Ind. App. 546, 548, 393 N.E.2d 199, 201.

The trial court is reversed and this cause remanded for proceedings consistent with this decision.

Reversed and remanded.

GARRARD, P.J., and STATON, J., concur.